UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JOHN W. HARRIS,

                              Petitioner,

                                                    **Hon. Hugh B. Scott**


                                                    **16CV264A**

              v.
                                                    **Report
                                                    &
                                                    Recommendation**


SUPERINTENDENT B. YELICH,

                              Respondent.


This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) by Judge Richard Arcara (Docket No. 13).  The instant matter before the Court is a Petition for Habeas Corpus (Docket No. 1).  Petitioner, proceeding pro se, asserts the following grounds in support of this Petition:  his waiver under N.Y. CPL 190.80 of his right to a speedy trial was violated; the prosecution disregarded an order to hold the case in abeyance pending results of DNA testing on the firearm at issue; the DNA results rendered the possession of the weapon charge void; and the prosecution allowed witness to perjure himself before the Grand Jury (id.).

Petitioner filed his Brief (Docket No. 2) in support of his Petition.  Respondent filed his Memorandum in Opposition (Docket No. 12) and his counsel's declaration (Docket No. 11) with the State Court Record, and petitioner replied with his affidavits (Docket Nos. 17, 18).

**BACKGROUND**

Petitioner was charged with two counts of criminal possession of a weapon in the second degree in Erie County.  Count One alleged that petitioner possessed a firearm in violation of New York Penal Law § 265.03(3), and Count Two alleged that petitioner, as a convicted felon, possessed a firearm, in violation of Penal Law §§ 265.03(3), 265.02(1) (see Docket No. 12, Resp't Memo. at 1).  This arose from petitioner's arrest, on August 8, 2011, for possessing a loaded semi-automatic pistol and a loaded revolver (State Court Record, Ex. C, Erie County Court Decision, Oct. 20, 2014, at 2).

On September 14, 2011, petitioner waived his right to a speedy trial, under CPL 190.80, while DNA testing occurred on the firearm found by the arresting officer (see Docket No. 17, Pet'r Reply Aff. at 2).  The Grand Jury met on November 21, 2011, which petitioner claims violated the court's order in accepting his waiver of speedy trial (id.).  Officer Ron Ammerman testified before that Grand Jury and said that he recognized petitioner from "a previous conviction for a gun" (State Court Record, Ex. C, Prosecution Opposing Aff. ¶ 8, Ex. A, Tr. of Grand Jury at 6-7), but at trial and on cross-examination Ammerman acknowledged his mistake that petitioner's prior conviction actually involved a stabbing (id., Prosecution Opposing Aff. ¶ 9, Trial Tr. at 269).  Petitioner then was arraigned on December 7, 2011 (Docket No. 17, Pet'r Reply Aff. at 2).

Petitioner was tried before a jury and was convicted.  He was sentenced to three and a half years under Count One and four and a half years under Count Two, consecutively.  He filed an appeal but the appeal was dismissed by the Supreme Court Appellate Division, Fourth Department, on August 19, 2015, for failure to perfect (Docket No. 12, Resp't Memo. at 1), and

the New York State Court of Appeals then denied leave to appeal.  Petitioner filed a post-trial motion, which was denied by the Erie County Court, leave to appeal then was denied by the Appellate Division and the Court of Appeals also denied leave.  (See Docket No. 1, Pet.; Docket No. 2, Pet'r Br., Ex. E; Docket No. 12, Resp't Memo. at 2.)  In the motion, petitioner challenged Ammerman's misidentification of the weapon for which petitioner had previously been convicted.  The Erie County Court found, under New York criminal procedure, that any Grand Jury defect here did not impair the integrity of the proceedings or prejudice petitioner.  (State Court Record, Ex. C, Erie County Court Decision at 4.)  The court noted the prosecutor made a curative instruction to the Grand Jury that "sufficiently minimized any potential for prejudice that may have resulted from the officer's statement" (id.).

*Habeas Proceedings*

Petitioner now contends that his right to a speedy trial, which he waived upon the understanding that it was delayed until DNA test results were received, was violated when the prosecution proceeded to the Grand Jury before releasing those DNA results to the court or to petitioner (Docket No. 1, Pet.).  That act also violated the court's order that the prosecution would be held in abeyance pending release of those results (id.).  Petitioner points out that the DNA results (State Court Record, Ex. C, Pet'r Motion, Ex. C) were negative to identifying him as possessing the firearm found by the police (Docket No. 1, Pet.).  The DNA tests showed that "a mixture of DNA from at least two unknown individuals, including at least one male individual" was found on the firearm, with no matching DNA profile found, and the test excluded petitioner as a contributor of DNA found on the firearm (State Court Record, Ex. C, Pet'r Motion, Ex. C, at 2).

3

Respondent argues that petitioner defaulted on his claim that the prosecutor failed to notify the trial court of the DNA test results since he failed to raise it on appeal (or perfect that appeal) (Docket No. 12, Resp't Memo. at 5) and the alleged errors before the Grand Jury do not rise to the constitutional level in order for petitioner to obtain habeas relief (id. at 6-7). Petitioner's claim that the Grand Jury was not informed of the DNA results also was not preserved since it was not argued on appeal (id. at 6).  As for petitioner's claim that the police officer witness misidentified the weapon petitioner previously was convicted of possessing, respondent counters that the error at worst was a violation of New York State criminal procedure and not of federal constitutional moment (id. at 7, Watters v. Hubbard, 725 F.2d 381, 383 (6th Cir.), cert. denied, 469 U.S. 837 (1984)), see also Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). That error was noted during the officer's testimony and cross-examination (id. at 6).

Petitioner's reply merely reiterates his arguments that the prosecutor violated a court order by failing to notify him or the court of the DNA results before going to the Grand Jury (Docket No. 17, Pet'r Reply Aff. at 10) and that the witness made false statements to the Grand Jury (id. at 10-11).  He does not address the fact that these contentions were not raised on appeal, merely contending that the issues were raised in his post-judgment motion (see id. at 10, 11).  In a subsequent reply, petitioner contends that the issues of fact are disputed and warrant an evidentiary hearing (Docket No. 18, Pet'r Aff.), including appointment of counsel (expressly seeking appointment of the Federal Public Defender) (id. at 4).  He contends that he was denied an evidentiary hearing throughout the state court proceedings and appeals (id. at 1), although he had a jury trial.  He repeats the facts alleged in the Petition (id. at 2-3) but fails to state the factual dispute that would require a hearing.

**DISCUSSION**

I.     Applicable Standards

     A.     Exhaustion

In the interest of comity and in keeping with the requirements of 28 U.S.C. § 2254(b), federal courts will not consider a constitutional challenge that has not first been "fairly presented" to the state courts.  See Ayala v. Speckard, 89 F.3d 91, 94 (2d Cir. 1996), citing Picard v. Connor, 404 U.S. 270, 275 (1971); Daye v. Attorney General of New York, 696 F.2d 186, 191 (2d Cir. 1982) (in banc), cert. denied, 464 U.S. 1048 (1984).  A state prisoner seeking federal habeas corpus review of his conviction must first exhaust his available state remedies with respect to the issues raised in the federal habeas petition.  Rose v. Lundy, 455 U.S. 509 (1982).  However, under 28 U.S.C. § 2254(b)(2), where appropriate the Court may deny the relief requested in the petition upon a review of the merits notwithstanding the failure of the applicant to exhaust state court remedies.

Based on the record before the Court, it appears that the petitioner has exhausted his state court remedies.  In any event, review of the claims asserted in the Petition is appropriate under § 2254(b)(2).

     B.     Standard of Review

State court findings of "historical" facts, and inferences drawn from those facts, are entitled to a presumption of correctness. Matusiak v. Kelly, 786 F.2d 536, 543 (2d Cir.), cert. denied, 479 U.S. 805 (1986). (See also 28 U.S.C. § 2254(e)(1), which states that "a determination of a factual issue made by a State court shall be presumed to be correct.")

As amended by the Antiterrorism and Effective Death Penalty Act of 1996[1] ("AEDPA"), 28 U.S.C. § 2254(d) provides that a habeas corpus petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of that claim:

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, **as determined by the Supreme Court of the United States**; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Id. (Emphasis added).  As another circuit held, under AEDPA this Court is required to uphold a state court decision "that it determines violated the Constitution if that determination is based upon circuit, and not Supreme Court, precedent," Crater v. Galaza, 508 F.3d 1261, 1268 (9th Cir. 2007); see also Bowles v. Secretary for Dep't of Corr., 608 F.3d 1313, 1316 (11th Cir. 2010) ("nor can anything in a federal court of appeals decision, even holding directly on point, clearly establish federal law for § 2254(d)(1) purposes"); Bell v. Jarvis, 236 F.3d 149, 162 (4th Cir. 2000); Welch v. City of Pratt, Kan., 214 F.3d 1219, 1222 (10th Cir. 2000); Bocian v. Godinez, 101 F.3d 465, 471 (7th Cir. 1996); Purdie v. LaClaire, No. 08-CV-5108, 2010 U.S. Dist. LEXIS 72232, at *40 n.11 (E.D.N.Y. June 7, 2010) (Pohorelsky, Mag. J.).

The habeas corpus petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. The presumption of correctness attaches to findings both by state trial courts and by state appellate courts.  Smith v. Sullivan, 1 F. Supp. 2d

---

[1] Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214.

206, 210-11 (W.D.N.Y. 1998) (Larimer, Ch.J.); <u>Nevius v. Sumner</u>, 852 F.2d 463, 469 (9th Cir. 1988), <u>cert. denied</u>, 490 U.S. 1059 (1989).  As noted by then-Chief Judge Larimer in <u>Smith</u>, "the new version of § 2254(d) has clearly raised the bar for habeas petitioners, placing on them the burden to show by clear and convincing evidence that the state court's decision was defective in some way."  <u>Smith</u>, <u>supra</u>, 1 F. Supp. 2d at 211.

Prior to the enactment of the AEDPA, § 2254(d) provided that a state court "determination after a hearing on the merits of a factual issue . . . shall be presumed to be correct," unless certain specified exceptions existed.  When it enacted AEDPA, Congress changed the language dealing with the presumption of correctness of state court findings of fact and moved it to § 2254(e), and also added the current version of § 2254(d).  The amended statute "requires federal courts 'to give greater deference to the determinations made by state courts than they were required to do under the previous law.'"  <u>Ford v. Ahitow</u>, 104 F.3d 926, 936 (7th Cir.1997) (quoting <u>Emerson v. Gramley</u>, 91 F.3d 898, 900 (7th Cir. 1996), <u>cert. denied</u>, 520 U.S. 1122 (1997)); <u>see also</u> <u>Houchin v. Zavaras</u>, 107 F.3d 1465, 1470 (10th Cir.1997) ("AEDPA increases the deference to be paid by the federal courts to the state court's factual findings and legal conclusion").

Initially, it should be noted that the petitioner has failed to preserve these arguments for habeas corpus review.  Federal habeas review is barred when a state court expressly relied on a procedural default as an independent and adequate state ground.  <u>See</u> <u>Harris v. Reed</u>, 489 U.S. 255 (1989); <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977).  "A federal court is generally precluded from reviewing any claim included within the habeas petition for which a 'state court rests its judgment on an adequate and independent state ground, including a state procedural bar.'"

Bacchi v. Senkowski, 884 F. Supp. 724, 730 (E.D.N.Y.1995) (quoting Reid v. Senkowski, 961 F.2d 374, 377 (2d Cir. 1992) (per curiam)).  A state procedural bar arises through a failure to make a timely appeal, or through a failure to preserve a claim of appeal through contemporaneous objection.  Reid, supra, 961 F.2d at 377.  Failure to comply with a state's contemporaneous objection rule bars subsequent federal habeas corpus review unless petitioner is able to demonstrate both cause for the procedural default and actual prejudice attributable thereto.  Wainwright, supra, 433 U.S. at 81-91 (1977); Washington v. LeFerve, 637 F. Supp. 1175, 1177 (E.D.N.Y.1986).  "In order to demonstrate cause for his procedural fault, petitioner would have to show that 'some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'"  Washington, supra, 637 F. Supp. at 1177 (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  These principles have been applied even where a defendant represents himself at trial.  Reed v. Farley, 512 U.S. 339 (1994); Wells v. LeFavre, 1996 WL 692003 (S.D.N.Y. 1996).

II.      Application

        A.      Exhaustion and Preservation of Claims

        Petitioner here did not perfect his appeal to raise contentions about the use (or misuse) of the DNA results.  First, petitioner did not raise in post-conviction motions that the Grand Jury was not informed of the DNA results (see Docket No. 12, Resp't Memo. at 6).  Next, he failed to raise the fundamental issue of presentation to the Grand Jury before the DNA results were available on appeal (id. at 5).  Thus, these contentions were not preserved for habeas review.

B.      Use of Perjured Testimony

Officer Ammerman initially testified to the Grand Jury that he recognized petitioner from a previous firearm conviction, but the prosecutor instructed the Grand Jury that this fact was for one element of the offense (that petitioner had a prior conviction) (Docket No. 12, Resp't Memo. at 6; Pet'r Ex. A, People's Opposing Aff., Ex. A, Grand Jury Tr. at 6-7) and, at the trial, Ammerman testified that he made a mistake about the offense he recognized petitioner from (Docket No. 12, Resp't Memo. at 6; Trial Tr. Nov. 27, 2012, at 269).  Petitioner fails to show that there was any federal constitutional prejudice because the mistaken offense was a firearms possession offense.  Furthermore, at trial this issue was raised during cross-examination of Officer Ammerman, explaining that he was mistaken.  There is no federal constitutional infirmity for alleged Grand Jury misconduct where the issue was replayed before a trial jury with petitioner having full means to cross-examine the witness.  "Claims based on alleged defects in grand jury proceedings therefore do not present an independent, federal constitutional claim," Moss v. Phillips, No. 9:03-cv-1496 (LEK), 2008 U.S. Dist. LEXIS 39680, at *19 (N.D.N.Y. May 15, 2008) (citing, among other cases, Grant v. Ricks, No. 00-cv-6861, 2003 U.S. Dist. LEXIS 13641, at *11-14 (E.D.N.Y. July 29, 2003) (claim that victim presented perjured testimony before the Grand Jury is not cognizable on habeas review).  As noted by Judge Jack Weinstein in Grant, "any claims of deficiencies in state grand jury proceedings are generally not cognizable in a habeas corpus proceeding in federal court because any deficiencies have been rendered harmless by conviction at trial by a petit jury assessing petitioner's guilt under a heightened standard of proof," 2003 U.S. Dist. LEXIS 13641, at *12; see Lopez v. Riley, 865 F.2d 30, 32 (2d Cir. 1989).  "The relevant question is whether materially false testimony was introduced at

trial," <u>Grant</u>, <u>supra</u>, 2003 U.S. Dist. LEXIS 13641, at *12; <u>cf.</u> <u>id.</u> at *12-13 (contrasting standard for conviction based upon perjured trial testimony, citing <u>Napue v. Illinois</u>, 360 U.S. 264, 269 (1959)).

For habeas review, the relevant testimony was during the trial and not before the Grand Jury. As previously noted, Officer Ammerman's erroneous testimony concerning petitioner's earlier offense was addressed at trial and petitioner cross-examined on this point. No constitutional problem has arisen. Petitioner's contention on this ground, therefore, should be **denied** and the Petition for Habeas Corpus should be **dismissed**.

C.      Evidentiary Hearing

Finally, petitioner requests an evidentiary hearing (Docket No. 18). If a Habeas Petition is not dismissed this Court has to determine whether an evidentiary hearing is warranted, Rules Governing Section 2254 Cases in U.S. District Courts R. 8(a). Given the recommendation just made that this Petition should be dismissed, an evidentiary hearing is not warranted. Additionally, on the merits, petitioner fails to show a disputed issue of fact that warrants a hearing. Even if the hearing is granted, petitioner is not entitled to the attorney he chose to represent him; the Federal Public Defender is responsible for federal prosecutions and not habeas review of state criminal cases. Petitioner's request for an evidentiary hearing (Docket No. 18) is **denied**.

**CONCLUSION**

Based upon the above, it is recommended that petitioner's Petition for Writ of Habeas Corpus (Docket No. 1) be **denied**.

10

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) (effective December 1, 2009) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.** Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance. See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

11

SO ORDERED.

_/s/ Hugh B. Scott_

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        September 7, 2016