UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JOHN W. HARRIS,

    Petitioner,

        -vs-

SUPERINTENDENT B. YELICH,

    Respondent.

**16-cv-00264**

**DECISION AND ORDER**

---

## I.  Introduction

*Pro se* petitioner John W. Harris ("petitioner" or Harris) filed a petition, dated April 1, 2016, seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on the grounds that his constitutional right to a speedy trial was denied and the integrity of the state court grand jury proceedings were impaired. Petitioner is incarcerated as the result of a judgment of conviction entered against him in Erie County for two counts of criminal possession of a weapon in the second degree under New York Penal Law §§ 265.03(3) and 265.02(1).

On September 7, 2016, United States Magistrate Judge Hugh B. Scott issued a Report and Recommendation (Docket No. 19), with which familiarity by the parties is assumed, recommending that Harris's petition for writ of habeas corpus be denied. The matter is presently before this Court for determination of petitioner's Objections to the Report and Recommendation pursuant to 28 U.S.C.

§ 636(b)(1). For the following reasons, the Court adopts the Report and Recommendation in its entirety and denies the petition.

## II. Discussion

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, this Court must make a *de novo* determination of those portions of the Report and Recommendation ("R&R") to which objections have been made. However, "in a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Butto v. Collecto*, Inc., 290 F.R.D. 372, 379 (E.D.N.Y. 2013) (internal quotation marks omitted). A court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. *See* Fed.R.Civ.P. 72(b).

In his timely habeas petition, Harris first contends that his right to a speedy trial was violated when the prosecutor presented his criminal charges to a grand jury before releasing to the trial court or himself the DNA test results performed on the firearm recovered by the arresting officer (Docket No. 1). This claim is based on the alleged violation of a court order wherein petitioner agreed to waive his right to a speedy trial under Section 190.80 of the New York Criminal Procedure Law pending DNA testing of the weapon and notification of the results to the trial court. The second ground raised in Harris's petition is that the integrity of the grand jury proceeding was impaired when: (1) a police officer

witness provided false testimony to grand jurors; (2) the prosecutor failed to correct the officer's testimony; and (3) the prosecutor failed to present evidence to the grand jury that excluded Harris as a contributor to the DNA sample recovered from the firearm.

Respondent opposes the petition, arguing that Harris defaulted on his claim that the prosecutor failed to notify the trial court of the DNA test results by failing to bring this claim before a state appellate court. As to Harris's second claim, respondent argues that the errors in the grand jury testimony did not rise to the level of a constitutional violation and Harris defaulted on the DNA claim by again failing to raise it before a state appellate court.

**II. Petitioner's Objections to the Report and Recommendation**

In the R&R, Judge Scott notes that a federal court may not grant habeas corpus relief with respect to a claim that was adjudicated on the merits in state court unless it: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Habeas petitioners have "the burden to show by clear and convincing evidence that the state

court's decision was defective in some way." *Smith v. Sullivan*, 1 F.Supp.2d 206, 211 (W.D.N.Y. 1998).

Based on Judge Scott's review of the record, however, he concluded that Harris failed to preserve his contentions concerning the notification of DNA results or the prosecutor's failure to present the negative results to the grand jury because Harris failed to raise these claims in his post-conviction motions and/or on direct appeal. With respect to petitioner's claim that a police officer witness falsely testified before the grand jury that he recognized Harris in connection with a prior conviction for possession of a firearm, when the prior conviction actually involved a stabbing, Judge Scott found that Harris failed to demonstrate that any federal constitutional prejudice resulted from the inaccurate testimony concerning the nature of his prior conviction, which was presented as an element of his present charges.

In his Objections to the R&R, petitioner asserts that: (1) the indictment was obtained illegally when the prosecutor (a) violated the trial court's order requiring notification of the DNA results prior to the grand jury presentation, (b) failed to present the negative DNA results to the grand jury, and (c) failed to correct the police officer's grand jury testimony concerning the nature of his prior conviction; and (2) his right to a speedy trial was

violated because his waiver of this right was predicated on allowing time for the DNA testing to performed.

Petitioner's objections concerning the grand jury proceedings merely reassert the arguments in his petition and do not raise specific objections to the findings in the R&R.  As such, these objections have been reviewed  for clear error only.  After careful review, the Court finds no such error and adopts Judge Scott's well-reasoned R&R in its entirety with respect to these contentions.  This Court agrees with Judge Scott's findings that the alleged deficiencies in the state grand jury proceedings are not cognizable in petitioner's federal habeas corpus proceeding. "Claims of alleged deficiencies in state grand jury proceedings are not cognizable on federal habeas corpus review." *Hirsh v. McArdle*, 74 F. Supp. 3d 525, 533 (N.D.N.Y. 2015), citing *Lopez v. Riley*, 865 F.2d 30, 32-33 (2d Cir.1989).  "Any grand jury deficiencies are rendered harmless by a petit jury conviction assessing petitioner's guilt under a heightened standard of proof." *Occhione v. Capra*, 113 F. Supp. 3d 611, 631 (E.D.N.Y. 2015), certificate of appealability denied (2015), citing *Lopez*, 865 F.2d 30, 32.

Petitioner's remaining objection contests the R&R's finding that he failed to first exhaust all state court remedies by raising a constitutional claim at each level of the state court system. However, petitioner does not dispute Judge Scott's findings that he did not perfect his appeal to raise contentions about the misuse of

the DNA results or "raise the fundamental issue of presentation to the Grand Jury before the DNA results were available on appeal." Report and Recommendation, p. 8.  The state court record reveals that, on August 19, 2015, the Appellate Division, Fourth Department dismissed Harris's direct appeal of the Erie County Court judgment for failure to timely perfect the appeal.  Moreover, Judge Scott's finding that Harris did not raise the issue that the grand jury was not informed of the DNA results in his post-conviction motions is supported by this Court's review of the record.  Consequently, the Court confirms the findings of the R&R that Harris's contentions were not preserved for habeas review.  Finally, the Court agrees that because the petition is being dismissed, an evidentiary hearing under Rule 8(a) of the Rules Governing § 2254 Cases is not warranted, and, therefore, that request is denied.

**III. Conclusion**

For the reasons stated above, the Court adopts Honorable Hugh B. Scott's Report and Recommendation in its entirety. Harris's petition for a writ of habeas corpus is denied, and the petition is dismissed.  Because petitioner has failed to make a substantial showing of a denial of a constitutional right, the Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

s/ Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

Dated:    January 17, 2016
          Rochester, New York.